# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DESTIN M. MILLER,<br><br>Plaintiff,<br>vs.<br><br>RICHARD FERRELL, et al.,<br><br>Defendant. | CASE NO. 10CV1433 DMS (CAB)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT IN PART WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |
|---|---|

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint, Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP"), and a request for appointment of counsel.

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Id.* at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Plaintiff's Complaint arises out of an incident that occurred on October 27, 2008. Plaintiff alleges he was beaten and knocked unconscious by San Diego Mesa College Campus Police Officers. He alleges two paramedics reports conflict with police reports, that Dean Ashanti Hands' report conflicts and that the final report was falsified. Plaintiff indicates he was removed from the school indefinitely. Plaintiff filed suit for violation of his civil rights, excessive force, tort, falsifying reports, unfair punishment and false imprisonment.

Plaintiff names as Defendants Richard Ferrell, Shumaker and Ashanti Hands. Shumaker is one of the officers alleged to have beaten Plaintiff; therefore the claims against Shumaker may proceed. Richard Ferrell is not mentioned in the Complaint, thus, it is unclear what his role was in the incident. Accordingly, the claims against Richard Ferrell are dismissed without prejudice.

Defendant Hands appears to be a Dean at San Diego Mesa College. It is unclear which claims Plaintiff is asserting against Defendant Hands. To the extent Plaintiff seeks to allege constitutional

claims against Defendant Hands, the claims fail. To state a claim for a constitutional violation under 42 U.S.C. § 1983, "a plaintiff must allege that (1) the defendants were acting under color of state law and (2) that their conduct subjected him or caused him to be subjected to a deprivation of some right, privilege or immunity secured by the Constitution of the United States." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Private parties do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Id.* Here, Plaintiff's Complaint fails to allege facts sufficient to show that Defendant Hands acted on behalf of, or in any way attributable to, the state. Thus, without more, Plaintiff's allegations against Defendant Hands fail to satisfy the first prong of a § 1983 claim.

**Conclusion and Order**

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is **GRANTED**. The Complaint is **DISMISSED IN PART** without prejudice for failure to state a claim. Plaintiff may file an amended complaint on or before **October 1, 2010.** The First Amended Complaint should more clearly articulate each Defendant's role in the alleged incident and set forth which claims are being asserted against which Defendants.[1]

**IT IS SO ORDERED.**

DATED: September 7, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] The Court defers ruling on Plaintiff's motion for appointment of counsel pending the filing of a First Amended Complaint. Plaintiff may also file an amended motion for appointment of counsel at that time.