# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTIN M. MILLER,<br><br>    Plaintiff,<br>vs.<br><br>RICHARD FERRELL, et al.,<br><br>    Defendants. | CASE NO. 10cv1433 DMS (CAB)<br><br>**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. 10.] |

Plaintiff Destin M. Miller filed a Complaint, motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel on July 9, 2010. (Docs. 1-3.) This Court granted Plaintiff's motion to proceed *in forma pauperis*, dismissed the Complaint in part, and deferred ruling on Plaintiff's motion for appointment of counsel, granting Plaintiff leave to file an amended motion at the time of filing a First Amended Complaint ("FAC"). (Doc. 4.) Plaintiff filed a FAC on October 1, 2010 and filed an amended motion for appointment of counsel on October 14, 2010. (Docs. 8, 10.)

## DISCUSSION

This action arises out of an incident that occurred on October 27, 2008. (FAC ¶ 7.) In the FAC, Plaintiff alleges she was beaten and knocked unconscious by San Diego Community College

District police officers. (*Id.* at ¶¶ 9-11.) Plaintiff further alleges she suffered injuries that required hospitalization and treatment, and incurred substantial medical bills as a result of this incident. (*Id.* at ¶ 17.) Plaintiff asserts five claims for relief in the FAC: (1) 42 U.S.C. § 1983 - civil rights violations; (2) 42 U.S.C. § 1983 - unlawful customs, policies or habits; (3) negligence; (4) battery; and (5) Civil Code § 52.1 civil rights violations.

A plaintiff has no constitutional right to appointed counsel in a civil action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd on other grounds*, 154 F.3d 952 (9th Cir. 1998) (en banc), (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), courts may request an attorney to represent an indigent civil litigant. The decision to appoint counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of "exceptional circumstances" requires the court to evaluate both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331 (quotation omitted).

The Court denies Plaintiff's motion, as no exceptional circumstances exist that warrant appointment of counsel at this time. However, Plaintiff may renew her request for counsel at a later stage of the proceedings, if appropriate.

### CONCLUSION

For the reasons set forth above, Plaintiff's motion for appointment of counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

DATED: November 2, 2010

_____
HON. DANA M. SABRAW
United States District Judge